IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                08-cv-30-bbc
   v.

CAROL COOK,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                08-cv-31-bbc
   v.

ANGIE WOOD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                08-cv-32-bbc
   v.

LT. KUSTER;
LT. KIRBY LINJER; and
JOHN DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                      08-cv-33-bbc

    v.

LT. KUSTER; LT. KIRBY LINJER; and
KENNETH KELLER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,

                Plaintiff,                      08-cvv-34-bbc

    v.

WILLIAM POLLARD; PETER ERICKSON;
and STEVEN SCHMIDT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants in each of these cases have filed motions to dismiss plaintiff's complaints for his failure to exhaust his administrative remedies. In support of the motions, defendants have filed the affidavits of Thomas Gozinske and Linda Alsum-O'Donovan. Gozinske avers that the numerous inmate complaints and appeals attached to his affidavit are "the offender complaint packages for the offender complaints filed by [plaintiff] from April 16, 2001 until

2

May 21, 2007. Although he does not say so expressly, I understand Gozinske to be averring that the documents attached to his affidavit constitutes the *full* record of plaintiff's inmate complaints and appeals during the period between April 16, 2001 and May 21, 2007. Linda Alsum-O'Donovan avers in her affidavit that she has access to records generated and maintained at the Waupun Correctional Institution and that the documents attached to her affidavit are true and correct copies of documents relating to certain specified adult conduct reports.

Although defendants have styled their motions as motions to dismiss under Fed. R. Civ. P. 12(b)(6), documents outside the pleadings accompany their motions. When this happens, Rule 12 requires courts to convert the motion to dismiss into a motion for summary judgment. Fleischfresser v. Directors of School District 200, 15 F.3d 680, 684 (7th Cir. 1994). There is an exception to the rule for public documents, at least in cases in which those documents are subject to judicial notice. General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-83 (7th Cir. 1997) (concluding that it was error for district court to take judicial notice of court record because facts in that record were not "beyond reasonable dispute"). Defendants do not suggest that records of plaintiff's disciplinary actions taken against him are in the public record. Therefore, the motions to dismiss that require reference to these records must be converted to motions for summary judgment.

Furthermore, although inmate complaints and the responses to those complaints by

3

prison administrators are presumed to be public record, Gozinske's affidavit is not limited to attesting simply to the accuracy of the public records attached. Rather, he is attesting to the completeness of the record. Thus, I must consider his affidavit as well as the public documents attached to it, and his affidavit is not public record. Therefore, I am converting defendants' motions to dismiss into motions for summary judgment. However, because the issues are not complicated, I will not require the parties to submit proposed findings of fact as this court's summary judgment procedures would ordinarily require. Plaintiff is advised that if he intends to dispute the information provided in defendants' affidavits, he will need to submit his own affidavit and attach copies of documentation of his exhaustion efforts that may exist beyond the exhaustion materials supplied by defendants.

ORDER

IT IS ORDERED that defendants' motions to dismiss are CONVERTED into motions for summary judgment. Plaintiff may have until March 21, 2008, in which to serve

and file a brief and affidavits or documentary evidence in opposition to the motion. Defendants may have until March 28, 2008 in which to serve and file a reply.

Entered this 7th day of March, 2008.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge