IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                   OPINION AND ORDER

                         Plaintiff,                                   08-cv-33-bbc

    v.

LT. KUSTER,
LT. KIRBY LINJER and
KENNETH KELLER,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Shaheed Madyun is proceeding on his claim that in March 2002 defendants Lt. Linjer, Lt. Kuster and Kenneth Keller issued a conduct report against him and sentenced him to segregation because of his activities as a jailhouse lawyer and his complaints about prison conditions. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

      Defendants say that plaintiff failed to raise this issue in a grievance until 2006, when the grievance examiners rejected it as untimely. It is not an easy task to identify plaintiff's arguments in response to defendant's motion because he has filed a joint brief that purports to relate to each of the six motions for summary judgment that are pending in each of his

1

six different cases. (These cases were originally filed under one complaint, but I was required to sever them in accordance with Fed. R. Civ. P. 20. George v. Smith, 507 F.3d 605 (7th Cir. 2007).) Recognizing belatedly that his materials were cumbersome and disorganized, plaintiff has filed motions to delay a ruling on summary judgment, dkt. #38, and to allow him to rewrite his brief, dkt. #41, even though he already had submitted three briefs in opposition to defendant's motion. Plaintiff filed identical motions in Madyun v. Kuster, 08-cv-32-bbc. The motions plaintiff filed in this case will be denied for the reasons explained in the May 21 opinion and order in Case No. 08-cv-32-bbc.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed. Dixon v. Page, 291 F.3d 485 (7th Cir. 2002); Lewis v. Washington, 300 F.3d

2

829 (7th Cir. 2002); Pozo, 286 F.3d at 1025. Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a). Jones v. Bock, – U.S. – , 127 S. Ct. 910 (2007).

Defendants' motion for summary judgment will be granted. Although plaintiffs' many filings are less than straightforward, a careful review of his submissions shows that he does not dispute defendants' evidence that he never raised the issue giving rise to this case in any grievance or appeal of a conduct report until 2006, when the grievance was rejected as untimely under Wis. Admin. Code § DOC 310.11(5)(d) because he submitted the grievance more than 14 days after the incident giving rise to the grievance. The Supreme Court has held that when a prisoner's grievance is rejected for failing to meet an administrative deadline, the prisoner has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Woodford v. Ngo, – U.S. – , 126 S. Ct. 2378 (2006); see also Pozo, 286 F.3d at 1025.

In 2002, plaintiff filed appeals of the conduct report and grievances related to a lack of process he received before being disciplined, but he never alleged in any of these filings that defendants had issued particular conduct reports or placed him in segregation in retaliation for exercising his constitutional rights. To exhaust his administrative remedies under § 1997e(a) with respect to his retaliation claim, plaintiff was required to "alert[ ] the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Because he failed to do this in a timely grievance, I must grant

3

defendants' motion for summary judgment.

## ORDER

IT IS ORDERED that

1.  Plaintiff Shaheed Madyun's motions to delay ruling on summary judgment, dkt. #38, and to allow him to refile his brief, dkt. #41, are DENIED.

2.  The motion for summary judgment filed by defendants Lt. Linjer, Lt. Kuster and Kenneth Keller, dkt. #10, is GRANTED.  This case is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

3.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 29th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4