IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAHEED TAALIB'DIN MADYUN,                                          ORDER

                    Plaintiff,                                        08-cv-33-bbc

      v.

LT. KUSTER,
LT. KIRBY LINJER and
KENNETH KELLER,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 29, 2008, judgment was entered in this case, dismissing plaintiff Shaheed

Madyun's claims against defendants Kuster, Linjer and Keller for plaintiff's failure to exhaust

his administrative remedies.  Now before the court is plaintiff's submission dated June 24,

2008, titled "Motion seeking Clarification on Dismissal of Claims and Dismissal of Actual

Cases, Motion seeking Order Declaring all Dismissal of Defendants and Cases a Final Order,

Motion to Consolidate Cases for purpose of Appeal and Declaring the George Ruling which

Divided the Single Case to Many a Final Order" (Dkt. #46).  In this triple motion, plaintiff

asks for clarification whether the order dismissing his claims for failure to exhaust is a final

order from which he may file a notice of appeal.  In addition, he asks that this case be

1

consolidated with "all other dismissed cases" so that he can file a single appeal, pay a single

filing fee, and challenge this court's decision to apply Fed. R. Civ. P. 20 to his original action,

Madyun v. Keller, 07-cv-318-bbc, and sever it into nine separate actions, including this one.

It should have been clear to plaintiff that the judgment of dismissal entered in this

case on May 29, 2008 signaled that the case was over in this court and that he was free to

file a notice of appeal.   His purported need for clarification regarding this matter is

disingenuous.

Plaintiff's request for consolidation of the severed cases to permit him to file a single

appeal and incur a single filing fee needs no discussion.  It will be denied.

Finally, it would not be appropriate for plaintiff to challenge the severance order in

the context of this case.  That order was entered in Madyun v. Keller, 07-cv-318-bbc.  That

is the case in which plaintiff may challenge the severance order on appeal.


ORDER

IT IS ORDERED that plaintiff's "Motion seeking Clarification on Dismissal of

Claims and Dismissal of Actual Cases, Motion seeking Order Declaring all Dismissal of

Defendants and Cases a Final Order, Motion to Consolidate Cases for purpose of Appeal and

Declaring the <u>George</u> Ruling which Divided the Single Case to Many a Final Order" (Dkt.

#46) is DENIED.

 Entered this 10th day of July, 2008.

       BY THE COURT:

       _Barbara B. Crabb_

       BARBARA B. CRABB
       District Judge